David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In the matter of: | Case No: BK-09-27979-LBR |
| | Chapter 13 |
| MARTIN OCEGUERA and | |
| ALMA R. OCEGUERA | |
| | |
| Debtors. | Date: 2-4-10 |
| | Time: 2:30 p.m. |
| | Rick A. Yarnall |

### MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY

Come Now Debtors, Martin Oceguera and Alma R. Oceguera, by and through their legal counsel, David M. Crosby, Esq., of the law firm Crosby & Associates, who respectfully move this Court to value Debtors' principal residence, determine the second lien of Wells Fargo Bank, N.A., to be wholly unsecured, to avoid said wholly unsecured lien and to modify the rights of said creditors accordingly including determining the claims (pursuant to proof(s) of claim which such lienholder may file or have filed) to be unsecured where there is insufficient equity in the residence to secure more than the first lien.

This Motion is brought pursuant to 11 U.S.C. §502(a), §506(a), §1322(b)(2), and Bankruptcy Rules 3012 and 9014, the Points and Authorities set forth below and

///

F:\Bankruptcy\Katthia's lien strip\Oceguera, MtntoAvoidLienofWhollyUnsecuredCreditor residence.wpd 2.wpd

all documents and pleadings on file herein.

Dated this ___ day of December, 2009.

CROSBY & ASSOCIATES

By: _____
David M. Crosby, Esq.
Attorney For Debtor(s)

- - - - - - - - - - - - -

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1. Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on September 25, 2009.

2. On the date of the petition, Debtors were the owners of real property used as their principal residence known and described as 4709 Carmar Drive, Las Vegas, NV 89122 (Exhibit "1") legally described as follows:

> Lot 288 in Block 6 of Gardens East-Phase 6 Sec 22 Twp 21 Rng 62, as shown by map thereof on file in Book 75 of Plats, Page 54, in the Office of the County Recorder of Clark County, Nevada.

APN: 161-22-317-002

3. The value of said principal residence at the time their Chapter 13 Petition was filed was $138,550.00 as set forth more particularly in an internet appraisal of subject property (Exhibit "2").

4. Said property at the time of filing was subject to the following liens allegedly evidenced by Promissory Notes and Deeds of Trust:

2

|  |  |
|---|---|
| First Mortgage: (Exhibit "3")<br>Wells Fargo Bank, N.A.<br>P. O. Box 14469 MACX2303-01A<br>Des Moines, IA 50306-9655<br>Loan # XXXXXX1652 | $ 228,667.79 |
| Junior Mortgage: (Exhibit "4")<br>Wells Fargo Bank, N.A.<br>P. O. Box 14469 MACX2303-01A<br>Des Moines, IA 50306-9655<br>Loan # XXXXXX2144 | $ 65,051.65 |

5. As of the date Debtors' Chapter 13 Petition was filed no equity existed in said property above the claim of the first mortgage holder identified above. The claim of the junior mortgage holder identified above was wholly unsecured on the date of the Petition and if said property were foreclosed or otherwise sold at auction on that date there would be insufficient proceeds to pay anything to Wells Fargo Bank, N.A. pursuant to its junior lien.

6. Debtors declare that the junior claim of Wells Fargo Bank, N.A. is unsecured and should be reclassified as unsecured to share pro rata with other general unsecured creditors through the debtors' Chapter 13 plan with any proofs of claim filed by it modified accordingly to document the claim as unsecured, and that the junior lien filed by Wells Fargo Bank, N.A. as identified above encumbering subject property be properly avoided by Order of this Court.

## II.

## LEGAL ARGUMENT

A. <u>A Wholly Unsecured Lien Encumbering Debtor's Principal Residence May be Avoided Because Modification is Authorized/Not Prohibited by 11 U.S.C. § 1322(b)(2).</u>

11 U.S.C. §1322(b)((2) provides in pertinent part:

> (b) Subject to subsections (a) and © of this section, the plan may—
> 
> * * * * *

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest that is secured by an interest in real property that is the debtor's principal residence, .....

The junior claim by Wells Fargo Bank, N.A. identified above has no security in Debtors' residence based on the fair market value of the property and as a result is not a "secured claim" as defined and therefore not restricted by this section.

**B.  The Claim by Lienholder May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a).**

11 U.S.C. § 506(a)(1) provides in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. §1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2).

**C.  Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. § 502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtors herewith have objected to any and all Proofs of Claim which may have been filed by Wells Fargo Bank, N.A. pursuant to its junior lien and request that any Proof(s) of Claim

4

of same representing such claims be modified accordingly to unsecured claims consistent with the Order of this Court determining CitiMortgage, Inc'.s junior claim to be wholly unsecured.

### III.
### CONCLUSION

Debtors respectfully request determination of value of Debtors' primary residence to be less than the amount of the first lien and argue that since the junior claim of Wells Fargo Bank, N.A. is wholly unsecured it may be avoided and "stripped off" pursuant to 11 U.S.C. §1322(b)(2) and §506(a); that the said junior claim of Wells Fargo Bank, N.A. be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the debtors Chapter 13 plan and that any Proofs of Claim of the lienholders be modified accordingly.

WHEREFORE, Debtors pray that this Court:

1. Determine the value of Debtors' principal residence to be $ 138,550.00 or such other amount as may be less than the balance of the first lienholder as of the date of the Petition; and

2. Avoid and extinguish Wells Fargo Bank, N.A.'s junior lien pursuant to 11 U.S.C. Section 506(a) upon completion of the Debtors' Chapter 13 plan; and

3. Reclassify the junior claim of Wells Fargo Bank, N.A. as general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan.

4. Conform any Proofs of Claims filed by Wells Fargo Bank, N.A. pursuant to its junior lien to the unsecured status of said claim as determined by this Court.

///
///
///

5

5. Order such other relief as the Court may deem appropriate.

Dated this 19th day of December, 2009.

Respectfully Submitted:<br>
CROSBY & ASSOCIATES<br>
By: _____<br>
David M. Crosby, Esq.<br>
Attorney for Debtor

| GENERAL INFORMATION | |
|---|---|
| PARCEL NO. | 161-22-317-002 |
| OWNER AND MAILING ADDRESS | OCEGUERA MARTIN<br>VILLARREAL-OCEGUERA ALMA ROSA<br>4709 CARMAR DR<br>LAS VEGAS NV 89122-7590 |
| LOCATION ADDRESS<br>CITY/UNINCORPORATED TOWN | 4709 CARMAR DR<br>WHITNEY |
| ASSESSOR DESCRIPTION | GARDENS EAST-PHASE 6<br>PLAT BOOK 75 PAGE 54<br>LOT 288 BLOCK 6<br><br>SEC 22 TWP 21 RNG 62 |
| RECORDED DOCUMENT NO. | * 19970818:01064 |
| RECORDED DATE | 08/18/1997 |
| VESTING | JOINT TENANCY |

*Note: Only documents from September 15, 1999 through present are available for viewing.

| ASSESSMENT INFORMATION AND SUPPLEMENTAL VALUE | |
|---|---|
| TAX DISTRICT | 570 |
| APPRAISAL YEAR | 2009 |
| FISCAL YEAR | 09-10 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| SUPPLEMENTAL IMPROVEMENT ACCOUNT NUMBER | N/A |

| REAL PROPERTY ASSESSED VALUE | | |
|---|---|---|
| FISCAL YEAR | 2009-10 | 2010-11 |
| LAND | 4410 | 7000 |
| IMPROVEMENTS | 45136 | 34838 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 49546 | 41838 |
| TAXABLE LAND+IMP (SUBTOTAL) | 141560 | 119537 |
| COMMON ELEMENT ALLOCATION ASSD | 118 | 125 |
| TOTAL ASSESSED VALUE | 49664 | 41963 |
| TOTAL TAXABLE VALUE | 141897 | 119894 |

| ESTIMATED LOT SIZE AND APPRAISAL INFORMATION | |
|---|---|
| ESTIMATED SIZE | 0.18 Acres |
| ORIGINAL CONST. YEAR | 1997 |
| LAST SALE PRICE MONTH/YEAR | 0 |
| LAND USE | 1-10 RESIDENTIAL SINGLE FAMILY |
| DWELLING UNITS | 1 |

| PRIMARY RESIDENTIAL STRUCTURE | | | | | |
|---|---|---|---|---|---|
| TOTAL LIVING SQ. FT. | 1777 | CARPORT SQ. FT. | 0 | ADDN/CONV | NONE |
| 1ST FLOOR SQ. FT. | 1777 | STORIES | ONE STORY | POOL | NO |
| 2ND FLOOR SQ. FT. | 0 | BEDROOMS | 3 | SPA | NO |
| BASEMENT SQ. FT. | 0 | BATHROOMS | 2 FULL | TYPE OF CONSTRUCTION | FRAME STUCCO |
| GARAGE SQ. FT. | 484 | FIREPLACE | 0 | ROOF TYPE | CONCRETE TILE |



http://sandgate.co.clark.nv.us/AssrRealProp/ParcelDetail.aspx?hdnParcel=16122317002...    12/22/2009



Street Address

Home Values | Local Info | Find a Pro

## 4709 Carmar Dr Las Vegas, NV 89122

Home Details | Recently Sold Homes | Similar Homes for Sale | Home Values | Schools



**Estimated Home Values:**

 eppraisal   **$138,550**

Low $117,767 - High $159,332

Zillow.com   $184,000

cyberhomes   $137,865

 Get a detailed analysis report

☆ Add to favorites       Find a Pro       Get updates via Twitter

Hel[

## Home Details

**Public Record**

| | | | |
|---|---|---|---|
| Bedrooms: | 3 | Bedrooms: | N/A |
| Bathrooms: | 2.00 | Bathrooms: | N/A |
| Square Footage: | 1777 | Square Footage: | N/A |
| Year Built: | 1997 | Year Built: | N/A |

**User Edits (Login or Register to edit.)**

Home Details

Con
Rea

Paul &
ReMa
9330
Las V

EXHIBIT 2

(702)
Visit

**Home Appraisal Las Vegas**
Real Estate, Jumbo & SFR appraisals Condo Townhome & Raw Land Appraisal

Ads by Google

Recently Sold Homes    Similar Homes for Sale

## Recently Sold Homes

| Address | Sales Price | Sale Date | Bed/Bath | Sq. Ft. |
|---|---|---|---|---|
| 5739 Bolton Valley Dr, Las Vegas, NV 89122 | $98,000 | 9/25/2009 | 3/3 | 1604 |
| 6032 Annmillie Ave, Las Vegas, NV 89122 | $152,500 | 7/2/2009 | 3/2 | 1777 |
| 5915 Ablette Ave, Las Vegas, NV 89122 | $160,000 | 8/20/2009 | 3/2 | 1777 |
| 4611 Belcolla Ln, Las Vegas, NV 89122 | $149,900 | 9/29/2009 | 3/2 | 1777 |
| 6291 Curlew Dr, Las Vegas, NV 89122 | $140,000 | 9/23/2009 | 3/2 | 1777 |

Paul &
Invest
exami
oppor
invest
you fir
teams
who w
House
one th
can w



Recent Sales

Nea

Curre

## Las Vegas, NV Home Values

Home Value Trending    What's This

- Local
- State
- National



PMA account 5052058749 ■ September 1, 2009 - September 30, 2009 ■ Page 5 of 6

**WELLS FARGO**

# Home Mortgage

**Property address**
  4709 Carmar Drive
  Las Vegas, NV 89122

Account number: **708-0140261652**
ALMA R VILLARREAL-OCEGU
MARTIN OCEGUERA

Wells Fargo Home Mortgage

**Loan summary**

| | |
|---|---|
| Original date of mortgage | 10/4/04 |
| Interest rate | 6.625% |
| Unpaid principal balance* as of 9/30 | $228,667.79 |
| Current monthly payment | $1,568.77 |
| Escrow balance | $0.00 |
| Interest paid year-to-date | $11,436.52 |
| Taxes paid year-to-date | $0.00 |

*Contact Customer Service for your payoff balance.

■ This is a summary statement of your Home Mortgage account. You will continue to receive a complete periodic statement.

98077



Exh 3
EXHIBIT 3

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT **DISTRICT OF NEVADA** | PROOF OF CLAIM |
|---|---|
| Name of Debtor: MARTIN OCEGUERA | Case Number: 0927979 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Wells Fargo Bank, N.A. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Wells Fargo Bank, N.A.<br>P. O. Box 14469 MAC X2303-01A<br>Des Moines, IA 50306-9655<br><br>Telephone number: 1-800-241-0039 | Court Claim Number:_____<br>(If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Wells Fargo Operations Center<br>P.O. Box 31557 MAC B6955-01B<br>Billings, MT 59107<br><br>Telephone number: 1-800-241-0039 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. Amount of Claim as of Date Case Filed:        $65,051.65

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Money Loaned**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 172462144

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:     ☑ Real Estate     ☐ Motor Vehicle     ☐ Other
       Describe: 4709 CARMAR DR LAS VEGAS, NV 89122

   Value of Property: $140,000.00 (estimated)     Annual Interest Rate 11.375%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $0.00     Basis for perfection: Mortgage/Deed of Trust

   Amount of Secured Claim: $65,051.65*     Amount Unsecured: $

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 10/23/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Cristy Bidler<br>Bankruptcy Representative | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

\* or as allowed under Section 506

EXHIBIT 4

# EQUITY CLAIMS WORKSHEET

Case Name: MARTIN OCEGUERA    Case Number: 0927979
ALMA R OCEGUERA

### Instructions:

1. Attach worksheet to the Official Proof of Claim Form B10.
2. Compute the claim as of the date on which the Debtor filed the petition. DO NOT include interest or charges that accrue after the petition date in the computation of the debt. (A claim that accrues interest <u>after</u> the petition date for payments on a secured debt not made when due after the petition date should be presented in a separate proof of claim dealing only with post-petition claims.).
3. Provide the requested information in the blanks below. Principal Balance and Accrued Interest MUST NOT include unearned interest. The completion and filing of this form does not prejudice a creditor's right to contest whether the creditor's interest in the property is adequately protected by payments made post-petition.

| A | Principal Due as of Petition Date | $0.00 |
|---|---|---|
| B | Interest Billed as of Petition Date | $0.00 |
| C | Late Charges as of Petition Date | $0.00 |
| D | Collateral Protection Insurance/ Insurance | $0.00 |
| E | Overlimit Amount | $0.00 |
| F | Other Charges | $0.00 |
| G | Total Amount of Arrearage (Sum of A-F) | $0.00 |
| H | Post Petition Principal Balance | $65,000.00 |
| I | Interest Accrued, Not Billed | $51.65 |
| J | Total Claim as of Petition Date (Sum of G-I) | $65,051.65 |
| K | Monthly Payment Amount | Variable** |
| L | Number of Installments past due as of Petition Date | 0 |
| M | Contractual Annual Interest Rate (APR) | 11.375% |
| N | Value of Collateral | $140,000.00 |

* If Claim includes interest or other charges in addition to the principal amount of Claim, attach an itemized statement of interest or charges.

**Loan has a temporary modification until 02/15/2013 with a variable and interest rate of 1.00%. After the modification expires loan may return back to original terms. Attached is a copy of the temporary modification agreement.

**Note:** Interest will continue to accrue on the unpaid principal balance ONLY.

Exhibit A